**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA ALLOCCO, <br><br> Plaintiff - Appellant, <br><br> and <br><br> RALPH ALLOCCO, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation, <br><br> Defendant - Appellee. | No. 09-16021 <br><br> D.C. No. 2:01-cv-02220-JAT <br><br> MEMORANDUM[*] |
| CYNTHIA ALLOCCO, wife, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation, <br><br> Defendant - Appellee. | No. 09-17609 <br><br> D.C. No. 2:01-cv-02220-JAT |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 18, 2011
San Francisco, California

Before: HUG, REAVLEY**, and W. FLETCHER, Circuit Judges.

This case involves two consolidated appeals by plaintiff-appellant Cynthia Allocco stemming from her diversity suit against defendant-appellee Metropolitan Life Insurance Company ("Met Life"). First, Allocco appeals the district court's decision granting summary judgment to Met Life on her bad faith tort claim. Second, she appeals the district court's order granting Met Life $30,928.40 in attorneys' fees under ARIZ. REV. STAT. § 12-341.01. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision.

We review the district court's grant of summary judgment *de novo*. *Broussard v. Univ. of Cal.*, 192 F.3d 1252, 1255 (9th Cir. 1999). We review the award of attorneys' fees for abuse of discretion. *Velarde v. PACE Membership*

---

** The Honorable Thomas M. Reavley, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

*Warehouse, Inc.*, 105 F.3d 1313, 1318 (9th Cir. 1997). Jurisdiction is proper pursuant to 28 U.S.C. § 1291 and we affirm the district court's grant of summary judgment on the bad faith claim and reverse the award of attorneys' fees.

    1. The bad faith tort claim

We affirm the district court's grant of summary judgment to Met Life on Allocco's bad faith claim. Under Arizona law, the tort of bad faith requires both a contract and a "special relationship" between the parties. *Burkons v. Ticor Title Ins. Co.*, 813 P.2d 710, 720 (Ariz. 1991). However, contractual privity is not required if the defendant is a third-party administrator of an insurance contract. *See Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1137-38 (Ariz. 1982); *Farr v. Transamerica Occidental Life Ins. Co.*, 699 P.2d 376, 386 (Ariz. Ct. App. 1984).

Here, there is no contractual relationship between Allocco and Met Life because Met Life is the third-party administrator of her employer's salary continuation plan. Moreover, we cannot accept Allocco's argument that contractual privity is unnecessary because the record does not support her assertion that the salary continuation plan is an insurance contract. *See Guaranteed Warranty Corp. v. State ex. rel Humphrey*, 533 P.2d 87, 90 (Ariz. Ct. App. 1975) (establishing a five-factor test for analyzing whether a contract is insurance).

3

2. Attorneys' fees

We reverse the district court's award of attorneys' fees to Met Life. The court made several errors in its analysis of the factors trial courts should consider in deciding whether to award fees under ARIZ. REV. STAT. § 12-341.01. *See Assoc. Indemnity Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

The district court drew unreasonably negative conclusions about merits of Allocco's claim in its discussion of the first *Associated Indemnity* factor. The fact that Allocco prevailed in the first trial and the fact that her employer eventually paid her the disputed benefits weigh against granting attorneys' fees.

In its discussion of the third factor, the court elected to give "very little weight" to Allocco's financial circumstances because "[p]laintiffs without significant resources must not be free to pursue frivolous contract litigation." This rationale, however, is inapplicable to Allocco because her suit was not frivolous.

Additionally, in considering the fourth factor, the district court concluded that Met Life had prevailed on all issues, relying in part on American Express's decision to pay Allocco salary continuation benefits. This reasoning improperly penalizes Allocco for her success in obtaining the disputed benefits.

Finally, the district court's conclusion that the novelty of Allocco's claim weighed in favor of granting fees is contrary to Arizona precedent. *See Rowland v.*

*Great States Ins. Co.*, 20 P.3d 1158, 1168 (Ariz. Ct. App. 2001); *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990).  A court "by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

**Judgment Affirmed but Modified by Vacating the Attorneys' Fees Award.**