711 P.2d 1234

**MARIPOSA DEVELOPMENT COMPANY, a partnership; and RMH&S Land Company, a corporation, Plaintiffs/Appellees,**

v.

**Wanda Harrison STODDARD and Rodney Stoddard, wife and husband, Defendants/Appellants.**

**No. 2 CA–CIV 5426.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 28, 1985.

Review Denied Jan. 7, 1986.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C. by Earl F. Daniels III, Tucson, for plaintiffs-appellees.

William Rothstein, Nogales, for defendants-appellants.

## OPINION

BIRDSALL, Presiding Judge.

The appellees, Mariposa Development Company and RMH&S Land Company,

were awarded their attorney fees following a default judgment quieting title to certain real property in Santa Cruz County. The attorney fees were awarded pursuant to A.R.S. § 12–1103(B) which provides:

"B. If a party, twenty days prior to bringing the action to quiet title to real property, requests the person, other than the state, holding an apparent adverse interest or right therein to execute a quit claim deed thereto, and also tenders to him five dollars for execution and delivery of the deed, and if such person refuses or neglects to comply, the filing of a disclaimer of interest or right shall not avoid the costs and the court may allow plaintiff, in addition to the ordinary costs, an attorney's fee to be fixed by the court."

On November 4, 1982, prior to bringing their quiet title action, the appellees wrote the appellants Stoddard and five other persons the following letter:

"Dear Sir or Madam:

I am writing to ask each of you to help me straighten out a land title problem resulting from an error or oversight which probably occurred in 1972.

On July 31, 1972, Mariposa Development Company, a partnership of which I was at that time and still am the managing partner, entered into an agreement with R.M. Harrison and Eleanor C. Harrison for the purchase of all the issued and outstanding stock of the RMH&S Land Company.

At the time of the sale, the Harrisons agreed to deed to the RMH&S Land Company all well sites, including a one-acre square well site at the northwest corner of Section 1, Township 24 South, Range 13 East.

Lawyers Title has found in its files notes indicating that the Harrisons believed the one-acre square well site had been transferred to the water company before the Harrisons transferred the balance of Section 1 to other family members on December 29, 1970. I have enclosed copies of the deed for this transaction, recorded in Docket 122 at Pages 525 and 526, which clearly exclude this well site.

I also enclose a copy of the deed dated October 5, 1972 from the Harrison family to Trust 7113–T with which I have the option agreement. This deed clearly indicates the understanding of all parties that the subject well site had already been deeded to RMH&S Land Company. Although the Santa Cruz County Assessor has subsequently shown this well site to be owned by RMH&S Land Company (copy of the Assessor's record attached) and even though the Land Company has each year paid the real and personal property taxes on the parcel, Lawyers Title has been unable to locate a copy of the deed transferring the property from R.M. and Eleanor C. Harrison to RMH&S Land Company.

I have been advised by Lawyers Title that in order for the RMH&S Land Company to have clear title to the parcel in question, each of you should quitclaim any interest you may have as a result of your status as an heir of the R.M. Harrisons.

I have enclosed for your convenience a quitclaim deed which I request you sign, have notarized, and return to the Nogales office of Lawyers Title of Arizona. In an effort to compensate each of you for your time and inconvenience in assisting me in this matter, I have deposited with Lawyers Title $100.00 for each of you with instruction to disperse it as soon as all the deeds have been received and recorded.

Thank you very much for your assistance."

All of the addressees, except the appellants, executed and returned a quit claim deed, and each received $100 from the title company.

Not having received the deed from the Stoddards, and still before filing their action, the appellants' attorney wrote the Stoddards. After outlining the title problem again, the attorney wrote:

"This is to advise you that we will be filing a civil complaint against you on

behalf of Mariposa Development Company to quiet title to the well site referred to above against any right, title or interest therein which you may claim. In this regard, be advised that Arizona Revised Statutes, Section 12–1103(B) provides that if a party, twenty days prior to bringing an action to quiet title to real property requests a person holding an apparent adverse interest or right to such real property to execute a quitclaim deed thereto and also tenders $5.00 for execution and delivery of such deed, and such person refuses or neglects to execute and deliver such deed, the person filing the quiet title complaint, if successful, may be awarded attorneys' fees as fixed by the court. Since Mr. Barr delivered a Quitclaim Deed to you quite some time ago requesting that you execute it and tendered to you the sum of $100.00 in consideration of such execution, we will, in connection with the quiet title action which we will file, request, in addition to other relief, that the court enter judgment against you for the amount of attorneys' fees incurred by Mariposa Development Company in connection with such action.

In order to avoid the initiation of the lawsuit referred to above and the possibility that you may end up paying Mariposa Development Company's attorneys' fees in such action, Mr. Barr has requested that we extend to you a period of five (5) days in which to duly execute and acknowledge the Quitclaim Deed and return it to the undersigned. In case you have misplaced the original Quitclaim Deed, another one is enclosed. In the event you fail to execute, acknowledge and deliver the Quitclaim Deed to the undersigned within the above five day period, then we will proceed with the quiet title action referred to above."

Again the deed was not returned, and on July 1, 1983, the complaint to quiet title was filed. The Stoddards were served but failed to answer and their default was entered. They moved, prior to judgment, to have their default set aside, but that motion was denied. The appellants were duly served with application for default judgment and waived their appearance at the hearing. Judgment quieting title was entered January 7, 1985. The judgment provided, in part, that the appellees' request for costs and attorney fees would be considered upon filing of their statement and application.

The appellants filed written opposition to the application for attorney fees in which, for the first time, they objected to the tender made pursuant to A.R.S. § 12–1103(B). They contended that the $5.00 required under the statute had not been tendered and that payment of the $100.00 was conditioned upon delivery of all the deeds from all six persons. These are the same arguments made on appeal. We affirm.

■ The appellants contend there was no delivery of the $5.00, or in this case the $100.00, because it was not paid to them but rather deposited with the title company. We find this contention specious. The letter constituted a direction to the title company to deliver the $100.00 to the appellants upon receipt of the executed deed. This was a sufficient tender within the definition enunciated in *Somerton State Bank v. Maxey,* 22 Ariz. 365, 369, 197 P. 892, 896 (1921):

"[Tender] imports, not merely the readiness and the ability to pay or perform at the time and place mentioned in the contract, but also the actual production of the thing to be paid and delivered over, and an offer of it to the person to whom the tender is to be made; and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction."

See also *Cagle v. Carlson,* 146 Ariz. 292, 705 P.2d 1343 (1985).

The $100.00 was produced and delivered to the agent of the appellees for delivery to the appellants and offered to them. Only the appellants' acceptance was necessary to complete the transaction. This acceptance would have been accomplished by delivery of the executed deed. This was not

merely an indication of the readiness and ability to pay, it was a tender.

 While the first letter can be read to require the execution and delivery of all six deeds before $100.00 was paid to anyone, the second letter contained no such condition. We believe that if the appellants were concerned that payment to them was conditioned upon delivery of all the deeds, they were obligated to make this objection before the lawsuit was filed. Objection to a tender should be made at the time of the tender, and silence is construed as a waiver of any objection. See *Ricke v. Ricke*, 83 Ill.App.3d 1115, 39 Ill. Dec. 598, 405 N.E.2d 351 (1980). An objection to a tender must be timely made, and the grounds of the objection specified, otherwise it is waived. See *Capital City Motors, Inc. v. Garland*, 363 S.W.2d 575 (Mo.1962). See also *O'Neal v. Horne*, 127 Ariz. 330, 620 P.2d 709 (App. 1980).

The purpose of the statute is to avoid needless litigation. Since the actions of the appellees were directed at accomplishing that purpose, we hold that there was a sufficient tender under the statute. See *Ricke*, supra.

The trial court correctly awarded attorney fees to the appellees. The appellants were properly ordered to pay for the cost of the unnecessary litigation.

The appellees also request attorney fees on appeal. The appellants oppose this request, citing the Division One opinion in *Chantler v. Wood*, 6 Ariz.App. 325, 432 P.2d 469 (1967). We do not agree with that decision. We observe first that the reason given for holding that attorney fees may be recovered only in the trial court is wrong. The decision states that Chapter 8 of Title 12 of the Arizona Revised Statutes relates exclusively to remedies available in the trial court. This is not the case. In at least two instances, the chapter also relates to proceedings on appeal. See A.R.S. §§ 12–1127 and 12–1160.

Be that as it may, we also believe the holding has outlived whatever vitality it once had. Since that decision in 1967, our legislature has enacted A.R.S. § 12–341.01, providing for an allowance of attorney fees to a successful party in an action arising out of a contract in the discretion of the court. As a result of that legislation, many appellate decisions have interpreted its language. In one of these decisions our supreme court held that when the statute said "the court" may award fees, this language applied to appellate as well as trial courts. *Wenk v. Horizon Moving and Storage Co.*, 131 Ariz. 131, 639 P.2d 321 (1982). The references to "the court" in A.R.S. § 12–1103(B) and § 12–341.01(A) are identical. Likewise, we believe the purposes of the two statutes are the same, to mitigate the burden of the expense of litigation to establish a just claim or defense. It would be ridiculous to say that the appellees here could recover fees in the trial court but would have to bear the burden of such fees if successful on appeal.

We therefore grant the appellees costs and reasonable attorneys' fees on appeal. The appellees are directed to file a statement of costs and attorneys' fees claimed pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

LACAGNINA and FERNANDEZ, JJ., concur.