244 P.3d 99

Robert and Linda LONG, husband and
wife, Plaintiffs/Appellants,

v.

Roger and Cindy CLARK, husband and
wife, Defendants/Appellees.

No. 1 CA–CV 09–0474.

Court of Appeals of Arizona,
Division 1, Department E.

Dec. 28, 2010.

Brown & Brown Law Offices, P.C. By F.
Morgan Brown, Pinetop, Attorneys for Appellants.

Shaffery & Coronado, P.C. By Victoria L.
Earle, Lakeside, Attorneys for Appellees.

## OPINION

TIMMER, Chief Judge.

¶ 1 Arizona Revised Statutes ("A.R.S.")
section 12–1103(B) (2003) authorizes the superior court to award attorneys' fees to a
party who brings an "action to quiet title to
real property" if that party timely tendered a
quit claim deed and five dollars to the opposing party. This appeal requires us to decide
whether § 12–1103(B) authorizes an award of
fees to defendants in a quiet title action who
make the required tender but do not file
their own action to quiet title. We hold that
defendants are not entitled to fees in this
circumstance. Because the superior court
awarded fees to appellees Roger and Cindy
Clark in their successful defense to a quiet
title action initiated by appellants Robert and
Linda Long, we reverse that portion of the
judgment. For the reasons set forth in a
companion unpublished memorandum decision, we affirm the court's grant of summary
judgment in favor of the Clarks.

## ANALYSIS

¶ 2 After entering summary judgment for the Clarks on the Longs' action to quiet title to a claimed easement over the Clarks' property, the superior court awarded attorneys' fees to the Clarks pursuant to A.R.S. § 12–1103(B), which provides as follows:

If a party, twenty days prior to bringing the action to quiet title to real property, requests the person, other than the state, holding an apparent adverse interest or right therein to execute a quit claim deed thereto, and also tenders to him five dollars for execution and delivery of the deed, and if such person refuses or neglects to comply, the filing of a disclaimer of interest or right shall not avoid the costs and the court may allow plaintiff, in addition to the ordinary costs, an attorney's fee to be fixed by the court.

The Longs argue the court erred in making this award because, although the Clarks tendered a request for execution of a quit claim deed and five dollars to the Longs before filing an answer to the complaint but never filed "an action." The Clarks respond the Longs waived this argument by failing to make it at the time of the tender and, regardless, the Clarks effectively filed a counterclaim by filing an answer that asked the court to deny relief to the Longs. We reject the Clarks' arguments and agree with the Longs.

¶ 3 First, the Longs did not waive their argument by failing to raise it at the time of tender. The Clarks correctly point out that "[o]bjection[s] to a tender should be made at the time of the tender, and silence is construed as a waiver of any objection." *Mariposa Dev. Co. v. Stoddard,* 147 Ariz. 561, 565, 711 P.2d 1234, 1238 (App.1985). "Tender" in this case was the Clarks' delivery of five dollars and a request for execution of the quit claim deed. *See id.* (describing delivery of money under § 12–1103(B) as the "tender"). Although the Longs did not object at the time to the form or substance of the Clarks' tender, the Longs now object to the Clarks' entitlement to fees because they never satisfied § 12–1103(B) by filing an action. The Longs could not have objected at the time of the tender to the Clarks' subse-

quent failure to file an action because § 12–1103(B) requires tender before initiation of an action. The appropriate time to raise the objection was when the Clarks sought fees; the Longs did so, and the merit of the objection was properly before the trial court.

¶ 4 Second, the Clarks did not file "an action" by filing an answer to the Longs' complaint. An "action" commences when a plaintiff files a complaint with the court. Ariz. R. Civ. P. 3. The Clarks never filed an "action" asserting a claim for relief. We disagree with the Clarks that defending against the Longs' prescriptive easement claim was "in effect a counterclaim." A counterclaim is a "cause of action in favor of [the] defendant upon which he might have sued the plaintiff and recovered judgment in a separate action. It is not ... a defense to an action but is an independent claim...." *Valley Gin Co. v. McCarthy,* 56 Ariz. 181, 187, 106 P.2d 504, 507 (1940). Indeed, the Clarks answer reserved the right to later file a counterclaim, but they never did so. While the Clarks position may reflect a sound policy, it is for the legislature to adopt it rather than this court.

¶ 5 In order to recover attorneys' fees in a quiet title action, a party must meet all requirements set forth in A.R.S. § 12–1103(B). *Lange v. Lotzer,* 151 Ariz. 260, 262, 727 P.2d 38, 40 (App.1986). Because the Clarks did not do so, the trial court should not have awarded them attorneys' fees. In light of our decision, we need not address the Longs' remaining arguments concerning the propriety of fees.

## ATTORNEYS' FEES ON APPEAL

¶ 6 The Longs request attorneys' fees on appeal pursuant to A.R.S. § 12–1103(B). We decline this request because the Longs did not prevail in their quiet title action even though we agree the Clarks were not entitled to an award of attorneys' fees in the superior court. Because the net result of this appeal is a reduction of the monetary judgment against the Longs, they are entitled to their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(a). A.R.S. § 12–342 (2003).

## CONCLUSION

¶ 7 For the foregoing reasons and those explained in our companion memorandum decision, we affirm the superior court's grant of summary judgment in favor of the Clarks but reverse the attorneys' fees award. We decline to award attorneys' fees on appeal.

CONCURRING: PHILIP HALL, Presiding Judge and SHELDON H. WEISBERG, Judge.