357 P.3d 828

In the Matter of the ESTATE
OF Augusta A. GANONI,
Deceased.

Whitney L. Sorrell, a single man,
Plaintiff/Appellant,

v.

Joy Gaarde–Morton, as Putative Trustee
of the Augusta A. Ganoni Restated Re-
vocable Trust Dated August 7, 2000; Re-
statement Dated November 19, 2012, De-
fendant/Appellee.

No. 1 CA–CV 14–0240.

Court of Appeals of Arizona,
Division 1.

May 28, 2015.

The Law Office of Libby Banks By Libby
Hougland Banks, Phoenix, Counsel for Plain-
tiff/Appellant.

Snell & Wilmer By Kevin J. Parker and
Cory L. Braddock, Phoenix, Counsel for De-
fendant/Appellee.

Judge ANDREW W. GOULD delivered the opinion of the Court, in which Presiding Judge RANDALL M. HOWE and Judge PETER B. SWANN joined.

## OPINION

GOULD, Judge:

¶ 1 Whitney Sorrell appeals the trial court's judgment invalidating a beneficiary deed. We affirm, and hold that only a natural person who owns real property can execute a beneficiary deed pursuant to Arizona Revised Statute ("A.R.S.") section 33–405.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In 2003, Augusta Ganoni executed a beneficiary deed to transfer her residence (the "House") to her attorney, Sorrell, at her death. The House was property of the Augusta A. Ganoni Revocable Trust as restated in 2000. Ganoni was both settlor and trustee of the Trust. Ganoni signed the beneficiary deed in her capacity as trustee and directed that the House would transfer to Sorrell upon her death.

¶ 3 On October 13, 2011, Ganoni filed an amendment to the Trust whereby she resigned as Trustee and Sorrell was appointed as Trustee. In November 2012, Ganoni again restated the Trust. Ganoni selected Appellee, Joy Gaarde–Morton, to be trustee rather than Sorrell. Under the terms of the 2012 restatement, Sorrell would no longer receive the House at Ganoni's death. Instead, the 2012 restatement provided Sorrell a gift of $10,000.00 and directed that the House would remain trust property to be sold, if necessary, to fulfill the gifts listed in the Trust.

¶ 4 Ganoni passed away in December 2012. In March 2013, Sorrell filed a petition for formal probate of Ganoni's estate-planning documents from 2000. Sorrell sought appointment as personal representative and, based on the beneficiary deed, requested the court to transfer the House to him. Gaarde–Morton objected to Sorrell's petition and filed a petition for formal probate stating that she was the trustee pursuant to the 2012 restatement.

¶ 5 Sorrell and Gaarde–Morton then filed cross-motions for summary judgment on the issue of whether the beneficiary deed purporting to transfer the House to Sorrell at Ganoni's death was valid and enforceable. Following oral argument, the court granted Gaarde–Morton's motion and denied Sorrell's. The court concluded the House was a trust asset and, based on A.R.S. § 33–405, could not be conveyed using a beneficiary deed. The court also awarded Gaarde–Morton $12,000.00 in attorneys' fees pursuant to A.R.S. § 12–1103.

¶ 6 Sorrell filed a motion for new trial. He reasoned that Ganoni's conveyance of the House in her capacity as both trustee and settlor of the Trust was authorized by A.R.S. § 33–405. In the alternative, Sorrell asked the court to reform the deed to reflect Ganoni's intent that Sorrell receive the House upon her death. The court denied Sorrell's motion and awarded $2,000.00 in additional attorneys' fees to Gaarde–Morton. Sorrell timely appealed.

## DISCUSSION

¶ 7 Sorrell appeals from the court's ruling denying his motion for summary judgment and granting Gaarde–Morton's motion. The material facts are undisputed; this appeal presents a pure question of law. *Nelson v. Phx. Resort Corp.*, 181 Ariz. 188, 191, 888 P.2d 1375, 1378 (App.1994) ("In reviewing a trial court's ruling on cross-motions for summary judgment, we have *de novo* review of a question of law."). Sorrell also appeals from the court's subsequent denial of his motion for new trial. We review the denial of a motion for new trial for an abuse of discretion. *Id.*

I. Construction of A.R.S. § 33–405

¶ 8 This appeal requires us to interpret A.R.S. § 33–405 to determine whether the "owner" who executes a beneficiary deed under the statute must be a natural person. A statute's language is "the best and most reliable index of a statute's meaning." *N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 303, ¶ 9, 93 P.3d 501, 503 (2004) (quoting *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)). When the

statute's language is clear, we must follow its plain meaning without resorting to other methods of statutory interpretation. *Santana*, 208 Ariz. at 303, ¶ 9, 93 P.3d at 503 (quoting *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003)).

¶ 9 The language used in A.R.S. § 33–405 clearly indicates that only a natural person may execute a beneficiary deed. A beneficiary deed transfers the owner's interest in real property to a grantee beneficiary "effective on the death of the owner." A.R.S. § 33–405(A). The statute defines an "owner" as "any person who executes a beneficiary deed." A.R.S. § 33–405(M)(2). The statute also provides that the interest of a grantee beneficiary is subject to encumbrances made "during the owner's lifetime." The terms "death," "person," and "lifetime" contained in the statute are words that apply to a natural person. *See Midtown Med. Group, Inc. v. State Farm Mut. Auto. Ins. Co.*, 220 Ariz. 341, 346, ¶ 17, 206 P.3d 790, 795 (App.2008) (stating that a statute's reliance on concepts that only apply to natural persons supports the conclusion that the statute refers to only natural persons).

¶ 10 Sorrell argues, however, that the words used in the statute may also apply to Ganoni in her capacity as trustee of the Trust. Sorrell notes that a trustee, and not the trust, owns trust property. *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 72, ¶ 17, 263 P.3d 77, 80 (App.2011); *see* A.R.S. § 14–10815(A)(2)(a) (trustee has all powers over trust property as an "unmarried competent owner"). Thus, Sorrell contends, Ganoni, as trustee, qualified as a "person" who owned the House, and her "death" transferred the property to Sorrell. We disagree.

¶ 11 We will not expand A.R.S. § 33–405 to include trustees and trust property when, by its express terms, it does not do so. *Price v. City of Mesa*, 236 Ariz. 267, 269, ¶ 8, 339 P.3d 650, 652 (App.2014). The statute is conspicuously silent with respect to ownership interest in trust property conveyed through a beneficiary deed. The statute clearly directs that a beneficiary deed controls over conflicting provisions in a will, yet it is silent as to any potential conflict between a deed and the provisions of a trust. A.R.S. § 33–405(J).

Likewise, the statute specifically authorizes transfers of property "to the trustee of a trust" as a beneficiary; however, it makes no reference to transfers of trust property from a trustee to a beneficiary. A.R.S. § 33–405(E).

¶ 12 Sorrell's construction also leads to confusing and absurd results. *In re Estate of Zaritsky*, 198 Ariz. 599, 603, ¶ 11, 12 P.3d 1203, 1207 (App.2000). The event that transfers property under a beneficiary deed is the "death" of the owner; a trust, however, does not "die," it terminates. A.R.S. § 33–405; A.R.S. § 14–10410 (providing for termination of trust); *see Fischbach v. Holzberlein*, 215 P.3d 407, 409 (Colo.App.2009) (interpreting Colorado's nearly identical beneficiary deed statute and reasoning that "the language of the statute stating that the transfer of property takes place at the 'death' of the owner means that the owner must be a natural person and not an entity"). Similarly, although a trustee can die, the death of a trustee does not automatically result in termination of the trust or distribution of the trust property. Rather, a trust may provide for one or more successor trustees to ensure that the purpose of the trust is accomplished in spite of a trustee's death. A.R.S. § 14–7401(13); A.R.S. § 14–9113; A.R.S. § 14–1201(59).

¶ 13 Sorrell's construction of the statute also creates confusion as to the distribution of trust property. Distribution of trust property is governed by the terms of the trust. A.R.S. § 14–10801, –10804. However, there may be instances, such as the present case, where the beneficiary deed conflicts with the distribution of property under the trust. While A.R.S. § 33–405 resolves conflicts between a will and a beneficiary deed, the statute provides no means to resolve conflicts between a beneficiary deed and a trust. A.R.S. § 33–405(J).

¶ 14 Accordingly, because Ganoni executed the beneficiary deed for trust property in her capacity as trustee of the Trust, the deed is invalid and did not transfer the House to Sorrell at Ganoni's death.

## II. Reformation of the Deed

 ¶ 15 Sorrell argues that the deed should be reformed to grant him the House. Reformation is an equitable remedy available to correct a deed to reflect the parties' intent. *Korrick v. Tuller*, 42 Ariz. 493, 497, 27 P.2d 529 (1933); *see also Chantler v. Wood*, 6 Ariz.App. 134, 138, 430 P.2d 713 (1967) ("Reformation is the proper action to correct an erroneous description arising from mutual mistake.").

¶ 16 There is no basis to reform the deed. The 2012 Restatement, which Sorrell stipulated was valid and enforceable, shows that Ganoni's most recent intent was to gift $10,000.00 to Sorrell, not the House.

## III. Attorneys' Fees

 ¶ 17 Sorrell also argues the court improperly awarded attorneys' fees to Gaarde–Morton pursuant to A.R.S. § 12–1103. We agree.

¶ 18 We review an award of attorneys' fees for an abuse of discretion. *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5, 330 P.3d 961, 962 (App.2014). The court abuses its discretion if the reason for the award is "legally incorrect." *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17, 141 P.3d 824, 830 (App. 2006) (quoting *State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983)); *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23, 97 P.3d 876, 881 (App.2004) ("An abuse of discretion exists when the trial court commits an error of law in the process of exercising its discretion.").

¶ 19 The purpose of awarding attorneys' fees under A.R.S. § 12–1103 is "to avoid needless litigation." *Mariposa Dev. Co. v. Stoddard*, 147 Ariz. 561, 565, 711 P.2d 1234, 1238 (App.1985). The statute is intended to "mitigate the burden of the expense of litigation to establish a just claim or defense." *Id.* Although Sorrell did not prevail, his claim to the House was not meritless, and the litigation in this case was not "needless." As Sorrell has stated, whether or not trust property can be conveyed through a beneficiary deed is a matter of first impression in Arizona. The issue has only been addressed in

a published opinion in one other state, Colorado. Accordingly, we vacate the court's award of attorneys' fees. We also decline to award fees to either party on appeal.

## CONCLUSION

¶ 20 Because we conclude the House, as Trust property, could not be conveyed using a beneficiary deed, we affirm the trial court's judgment denying Sorrell's claim to the House and confirming that it is property of the Trust. The court's award of attorneys' fees, however, is vacated.