727 P.2d 38

Donovan E. LANGE and Karen E. Lange, individually and as husband and wife, Plaintiffs-Appellants,

v.

Michael J. LOTZER and Gloria Lotzer, individually and as husband and wife, Defendants-Appellees.

No. 1 CA–CIV 8632.

Court of Appeals of Arizona, Division 1, Department A.

July 24, 1986.

Review Denied Oct. 28, 1986.

Renaud, Cook, Videan, Geiger & Drury, P.A. by Steven G. Mesaros, Phoenix, for plaintiffs-appellants.

Greengard & Finley, P.A. by Patricia J. Finley, Phoenix, for defendants-appellees.

OPINION

MEYERSON, Judge.

The issue in this appeal is whether the trial court erred in awarding attorney's fees to defendants-appellees under A.R.S. § 12–341.01(A) in a suit to quiet title.

I. FACTS

Plaintiffs-appellants Donovan and Karen Lange (Lange) and defendants-appellees Michael and Gloria Lotzer (Lotzer) purchased adjacent parcels of land located in Phoenix, Arizona. Lange purchased his property, which included an existing house, in 1975. At that time the adjacent parcel was a vacant lot. Lotzer purchased this parcel in 1980 with the intention of constructing a residence on the property.

Prior to commencing construction of a house, Lotzer measured the lot and informed Lange of the location of the property line. Apparently, from the time he purchased his home, Lange believed that his property included a strip of land approximately six feet in width that was actually part of the parcel purchased by Lotzer.

Lange's attorney sent a letter notifying Lotzer that Lange intended to file suit to quiet title to the six-foot strip. The letter further indicated that in order to preserve his right to attorney's fees pursuant to A.R.S. § 12–1103(B), Lange was including a quitclaim deed along with a check for

$5.00. Lotzer did not respond to the letter. Lange's attorney sent another $5.00 check and a quitclaim deed which would have given Lange an easement over the disputed property. Lotzer again did not respond.

Subsequently, Lange filed a complaint seeking to quiet title to the six-foot strip of property asserting legal theories of estoppel in pais, boundary by acquiescence and alternatively, seeking an implied easement over the disputed property. The complaint also sought injunctive relief, damages and attorney's fees pursuant to A.R.S. § 12–1103(B).

Lotzer filed an answer to the complaint and alleged that he was entitled to attorney's fees. The answer did not make any reference to the statutory grounds for the request for attorney's fees. Lange later amended the complaint to assert a claim for adverse possession. Lotzer's answer to the amended complaint also requested attorney's fees but again without citation to statutory authority. All but one of Lange's counts against Lotzer were resolved in favor of Lotzer on summary judgment. A trial was conducted on the issue of implied easement. Ultimately, Lotzer also prevailed on this issue.

Lotzer then filed a motion for attorney's fees, relying upon A.R.S. § 12–1103(B). Lange responded, arguing that Lotzer was not entitled to attorney's fees because he failed to comply with the statutory prerequisites of A.R.S. § 12–1103(B). In his reply, Lotzer asserted that as an alternative to his claim under A.R.S. § 12–1103(B), he was entitled to attorney's fees pursuant to A.R.S. § 12–341.01(A) because the action arose out of contract.

The trial court permitted full briefing on this issue and awarded Lotzer $17,500.50 as attorney's fees pursuant to A.R.S. § 12–341.01(A). Lange filed a notice of appeal from that portion of the judgment awarding Lotzer attorney's fees. Lange makes several arguments in support of his contention that the trial court's award of attorney's fees was in error. We find it necessary to address only one. We hold that in quiet title actions, the entitlement to attorney's fees is governed solely by A.R.S. § 12–1103(B).

## II. LAW

Lange argues that A.R.S. § 12–1103(B) provides the sole ground for the recovery of attorney's fees in quiet title actions. A.R.S. § 12–1103(B) provides:

If a party, twenty days prior to bringing the action to quiet title to real property, requests the person, other than the state, holding an apparent adverse interest or right therein to execute a quit claim deed thereto, and also tenders to him five dollars for execution and delivery of the deed, and if such person refuses or neglects to comply, the filing of a disclaimer of interest or right shall not avoid the costs and the court may allow plaintiff, in addition to the ordinary costs, an attorney's fee to be fixed by the court.

The law is well settled that a specific statute governs over a general statute on the same subject and will control. *See, e.g., Berry v. State,* 145 Ariz. 12, 699 P.2d 387 (App.1985); *Campbell v. Commonwealth Plan, Inc.,* 101 Ariz. 554, 422 P.2d 118 (1966). Based on this general principle of statutory construction, Lange argues that in order to recover attorney's fees, Lotzer was required to tender a quitclaim deed and $5.00 to Lange. Lange argues that because A.R.S. § 12–1103(B) is the exclusive statute for recovery of attorney's fees in a quiet title action, Lotzer cannot rely upon A.R.S. § 12–341.01(A), a general attorney's fees statute for contract actions, as an independent basis for an award of such fees. We agree. The legislature has specified certain prerequisites which must be met to establish an entitlement to fees in quiet title actions. We do not believe the legislature intended that the more general provisions of A.R.S. § 12–341.01(A) should displace the specific requirements of A.R.S. § 12–1103(B).

A.R.S. § 12–1103(B) is derived from Iowa law. Iowa Code §§ 649.4, 649.5 (1950). The Iowa statute was "not intend[ed] to make an attorney's fees taxable in every

action to quiet title for, if such had been the purpose, we may assume it would have been expressed in clear terms." *Collier v. Wetmore,* 164 Iowa 344, 348, 145 N.W. 944, 946 (1914). "The purpose of the statute . . . is to avoid litigation, and enable the landowner to get rid of clouds upon his title by negotiation and agreement rather than by decree of court." *Id.* at 350, 145 N.W. at 947. Accordingly, the Iowa statute has been interpreted to provide for fees only where the *plaintiff* follows the statutory procedure. *But see Hammontree v. Kenworthy,* 1 Ariz.App. 472, 481–82, 404 P.2d 816, 825–26 (1965) (fees may be available to defendant-counterclaimant who tenders $5.00 and a quitclaim deed).

The Arizona statute is clearly designed to allow fees only to the party who attempts to avoid litigation by first tendering $5.00 to the other party and requesting the return of a quitclaim deed. The statutory purpose of avoiding litigation would not be served if fees were awarded to the prevailing party, regardless of whether the party followed the statutory prerequisites.

In this appeal, we need not decide whether a fee award may be made to a successful defendant-counterclaimant who has tendered $5.00 and a quitclaim deed to the plaintiff. We do hold that Lotzer's failure to comply with these statutory prerequisites precludes an award of fees under A.R.S. § 12–1103(B) and that this statute is the exclusive basis for attorney's fees in quiet title actions.

Our conclusion is supported by a specific declaration of legislative intent appearing in A.R.S. § 12–341.01. Subsection (A) provides in part:

This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

This statement means that the "statute . . . is subordinate to other statutes which may provide for attorney's fees." *Lacer v. Navajo County,* 141 Ariz. 392, 395, 687 P.2d 400, 403 (App.1984).\* For example, we have held that the above-cited language precludes the use of A.R.S. § 12–341.01(A) where an agreement between the parties establishes a contractual right to attorney's fees. *Sweis v. Chatwin,* 120 Ariz. 249, 252, 585 P.2d 269, 272 (App.1978).

We can find no evidence in the legislative history of A.R.S. § 12–341.01(A) that the legislature intended to transform this statute into a ubiquitous fountain of relief even in those cases where statutes set forth specific procedures governing the entitlement to fees. The Arizona Legislature has expressly determined that only a prevailing party who follows certain prerequisites may recover attorney's fees in quiet title actions. Accordingly, we conclude that under traditional principles of statutory construction, the more general provisions of A.R.S. § 12–341.01(A) are not applicable.

The order granting attorney's fees is reversed.

GREER, P.J., and KLEINSCHMIDT, J., concur.

---

\* Lotzer contends that if Lange's position is correct, then *Lacer v. Navajo County* is wrongly decided. In *Lacer,* the court noted that A.R.S. § 12–348 authorizes the recovery of fees against the *state* in civil actions *brought by* the state. A.R.S. § 12–348(A)(1). The court correctly noted that the statute did not apply to counties, nor did Navajo County bring the action. Because A.R.S. § 12–348 had no applicability to the fee issue, the court correctly recognized that no reason existed for precluding a governmental entity from recovering fees under A.R.S. § 12–341.01(A).