791 P.2d 1094

**SCOTTSDALE MEMORIAL HEALTH SYSTEMS, INC., an Arizona corporation, Plaintiff–Appellant,**

v.

**Lawrence G. CLARK, individually and dba Larry Clark Construction Co., and Dorothy Clark, wife of Lawrence G. Clark, Defendants–Appellees.**

No. 1 CA-CV 89–092.

Court of Appeals of Arizona, Division 1, Department A.

May 10, 1990.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Phillip Weeks, Donald N. McIntyre and Michael S. Rubin, Phoenix, for plaintiff-appellant.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Philip C. Gerard and Lori L. Herzog, Phoenix, and Scott M. Clark, Scottsdale, for defendants-appellees.

## OPINION

KLEINSCHMIDT, Judge.

This is the second appeal in this lengthy litigation. The substantive issue was resolved by the supreme court in *Scottsdale Memorial Health Systems, Inc. v. Clark*, 157 Ariz. 461, 759 P.2d 607 (1988), and the case was remanded to the trial court to determine whether attorney's fees should be awarded to the prevailing party, Scottsdale Memorial Health Systems. The trial court declined to award those fees, and this appeal ensued. We hold that the trial court's refusal to award attorney's fees to Scottsdale Memorial was not an abuse of discretion.

This case arose out of construction work performed by appellee, Larry Clark Construction Company, on property owned by North Scottsdale Associates No. 3 Limited Partnership in late 1976. The partnership obtained construction financing from Western American Mortgage Company, and a deed of trust to that effect was recorded on the property. Shortly after the Western American deed of trust was recorded, Clark recorded a notice of mechanic's lien on the property, in compliance with A.R.S. section 33–993. The mechanic's lien had priority over Western American's deed of trust pursuant to A.R.S. section 33–992.

The partnership, which owned the property, became dissatisfied with Clark's performance and sued for fraud and breach of contract. Clark responded by filing a counterclaim seeking foreclosure of the mechanic's lien. The counterclaim was filed within the six-month limitation period set forth by A.R.S. section 33–998 for foreclosure of mechanic's liens after recording. Clark did not join the holder of the deed of trust, Western American, as a counterdefendant, file a separate foreclosure action against Western American, or file a lis pendens on the property pursuant to A.R.S. section 12–1191.

While Clark's lien foreclosure action was pending, Western American assigned its deed of trust on the property to C.J. Smith and Thelma Smith. Upon the partnership's failure to pay the amounts due on the Western American loan, the Smiths initiated nonjudicial foreclosure proceedings. The Smiths were the successful bidders and acquired fee title to the property. Shortly after acquiring title to the property, the Smiths conveyed their entire interest to Scottsdale Memorial.

In the meantime, the partnership and Clark settled the partnership's original action against Clark. A consent judgment was entered in which Clark released the partnership from any monetary claims arising from the original construction contract, and which foreclosed Clark's mechanic's lien in the amount of $181,736.17. Clark subsequently noticed a sheriff's sale pursuant to the judgment, and Scottsdale Memorial brought this action the next day to enjoin the sheriff's sale and to quiet title to the property. In a counterclaim, Clark sought to establish the priority of its lien over Scottsdale Memorial's claim of title. Scottsdale Memorial moved for summary judgment, arguing it was not bound by Clark's judgment against the partnership, and that the six-month mechanic's lien statute of limitations barred Clark from attempting to foreclose a lien against Scottsdale Memorial. After the trial court denied the motion, Scottsdale Memorial unsuccessfully sought special action relief in the Arizona Supreme Court.

At trial, the court took judicial notice of Clark's foreclosure judgment against the partnership and ultimately found in favor of Clark, holding that Clark's lien was valid and took precedence over Scottsdale Memorial's interest in the property. The court also held that because Clark had begun foreclosure proceedings against the partnership which had owned the property within six months after the mechanic's lien was recorded, Clark was not barred by A.R.S. section 33–998 from asserting the lien against Scottsdale Memorial, even though Scottsdale Memorial's predecessors, Western American and the Smiths, had not

been joined in the foreclosure action. The trial court ordered the sale of the property to satisfy the foreclosure judgment, plus interest and attorney's fees due Clark.

Division Two of this court affirmed the judgment against Scottsdale Memorial. *Scottsdale Memorial Health Systems, Inc. v. Clark*, 157 Ariz. 456, 759 P.2d 602 (App. 1987). On review, however, the supreme court vacated the court of appeals' holding and reversed the trial court judgment. *Scottsdale Memorial Health Systems, Inc. v. Clark*, 157 Ariz. 461, 759 P.2d 607 (1988). After a lengthy analysis of the various issues raised, the supreme court held that Clark's lien rights were unaffected by the trustee's sale, whereby the Smiths acquired ownership of the property from the partnership, and that "unless barred by the statute of limitations, Clark may still enforce his lien by proving its validity, priority and amount by foreclosing it against Scottsdale [Memorial]." *Id.* at 468, 759 P.2d at 614. The court then analyzed the statute of limitations issue that had first been raised by Scottsdale Memorial in its motion for summary judgment before the trial on the merits, and on which the supreme court had previously declined special action jurisdiction.

The statute in question was A.R.S. section 33–998. Each party urged what the court deemed were "mutually exclusive interpretations" of the statute. *Id.* at 469, 759 P.2d at 615. According to Clark, once an action was brought against a property owner within the six-month limitation period of A.R.S. section 33–998, the holder of the mechanic's lien has effectively tolled the statute. Scottsdale Memorial, on the other hand, maintained that a mechanic's lienholder was required to sue *all* parties with an interest in the property within six months from the date the mechanic's lien was recorded. Although there was no Arizona case law interpreting the statute, both interpretations were supported by case law from other jurisdictions. Scottsdale Memorial's interpretation, however, was in accord with the majority rule. *Id.* at 469, 759 P.2d at 615.

Although the supreme court ultimately chose to follow the majority rule, it did note that the statute "does not expressly require foreclosure actions to be brought against all claimants," and further, that an action against the owner was an action, in the words of the statute, "to enforce a lien." *Id.* at 469, 759 P.2d at 615. The court also noted the remedial nature of lien laws and the burden that a requirement that all title claimants be joined in a lawsuit could place on the lien claimant. The court nevertheless concluded that because Clark sued only the partnership which was the original owner of the property within the six-month limitations period of A.R.S. section 33–998, it was barred from enforcing its lien against the partnership's successor in interest, Scottsdale Memorial.

The court concluded by stating: "On remand, the trial court has discretion to award appropriate trial and appellate attorney's fees to Scottsdale upon a showing that Scottsdale complied with A.R.S. § 12–1103." *Id.* at 471, 759 P.2d at 617. Scottsdale Memorial then filed an application for attorney's fees in excess of $188,000, which was opposed by Clark. The trial court denied the application in its entirety for reasons which it stated as follows:

1. This case has been to three courts, and the Defendant [Clark] prevailed in two of them. Although the Plaintiff [Scottsdale] prevailed in the Supreme Court, that court recognized that 'We must choose, then, among two plausible statutory interpretations.' (157 Ariz. at 469, 759 P.2d at 615). *There was substantial merit to the claims of each party.*

2. The courts have had difficulty with the case in part because of the novelty of the central legal issues in this jurisdiction. *The case presented novel questions of law.*

3. The Plaintiff has now been awarded clear title to the property, and to the improvements that were built by Defendant. Defendant's loss is for unpaid work in the amounts of $181,736.17, plus interest at ten percent per annum from January 3, 1979. The outcome of the

case is harsh as to Defendant and represents something of a windfall to Plaintiff and Plaintiff's title company. The Court does not know the financial condition of either Plaintiff or Defendant. But the known circumstances of the facts of the case support a finding, which is hereby made, that *it would be inequitable to not only declare a forfeiture of Defendant's lien but also to order Defendant to pay Plaintiff's attorney (sic) fees.*
(Emphasis added.)

Scottsdale Memorial appealed this decision and argues that the trial court abused its discretion in denying an award of fees because the three reasons the judge gave for his actions were insufficient.

■ We turn to a consideration of the statutory basis for an award of fees in this case. Arizona Revised Statutes section 12–1103 provides, in pertinent part:

B. If a party, twenty days prior to bringing the action to quiet title to real property, requests the person, other than the state, holding an apparent adverse interest or right therein to execute a quit claim deed thereto, and also tenders to him five dollars for execution and delivery of the deed, and if such person refuses or neglects to comply, the filing of a disclaimer of interest or right shall not avoid the costs and *the court may allow plaintiff,* in addition to the ordinary costs, *an attorney's fee to be fixed by the court.*

(Emphasis added.) It is within the trial court's discretion to determine whether to award attorney's fees to a party who has prevailed in a quiet title action and otherwise complied with the provisions of section 12–1103(B). *McNeil v. Attaway,* 87 Ariz. 103, 118, 348 P.2d 301, 311 (1960) (supplemental opinion on rehearing). Arizona Revised Statutes section 12–1103(B) is, in fact, the only statute under which attorney's fees can be awarded in quiet title actions. *Lange v. Lotzer,* 151 Ariz. 260, 727 P.2d 38 (App.1986). In *Lange,* this court explained that the statute

is clearly designed to allow fees only to the party who attempts to avoid litigation by first tendering $5.00 to the other party and requesting the return of a quitclaim deed. The statutory purpose of avoiding litigation would not be served if fees were awarded to the prevailing party, regardless of whether the party followed the statutory prerequisites.

*Id.* at 262, 727 P.2d at 40.

■ In this case, there is no question but that Scottsdale Memorial complied with the provisions of section 12–1103(B). Both parties concede that when a party complies with the statutory provisions, it nevertheless remains within the trial court's discretion to determine whether to award attorney's fees to the prevailing party. Clark maintains that attorney's fees can only be awarded in a quiet title action if the losing party's claim was frivolous. Because this would severely restrict the trial court's discretion on whether to award attorney's fees, we do not agree. *But see Collier v. Wetmore,* 164 Iowa 344, 145 N.W. 944 (1914). Because both statutes are discretionary and are intended to mitigate the expense of litigation to establish a just claim, *see Mariposa Dev. Co. v. Stoddard,* 147 Ariz. 561, 565, 711 P.2d 1234, 1238 (App.1985), the trial court may consider the same factors that are considered in determining whether to award attorney's fees pursuant to A.R.S. section 12–341.01. *See Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

■ In *Associated Indemnity,* the supreme court listed those factors, which include:

1. The merits of the claim or defense presented by the unsuccessful party.
2. [Whether] [t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the results.
3. [Whether] [a]ssessing fees against the unsuccessful party would cause an extreme hardship.
4. [Whether] [t]he successful party did not prevail with respect to all the relief sought.

*Id.* at 570, 694 P.2d at 1184 (quoting *Associated Indem. Corp. v. Jack C. Warner,* 143 Ariz. 585, 589, 694 P.2d 1199, 1203

(App.1983)). The court proceeded to add three factors of its own: the novelty of the legal question presented; whether such claim or defense had previously been adjudicated in this jurisdiction; and whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *Id.*, 143 Ariz. at 570, 694 P.2d at 1184 (citing *Wistuber v. Paradise Valley Unified School,* 141 Ariz. 346, 687 P.2d 354 (1984)). As long as there is a reasonable basis in the record upon which a trial court could have denied attorney's fees, an appellate court will not substitute its discretion for that of a trial judge. *Id.*, 143 Ariz. at 570–71, 694 P.2d at 1184–85.

■ Bearing these principles in mind, we turn to the trial court's denial of attorney's fees in this case, and, specifically, the three reasons set forth as the basis for its denial. The trial court found that there was substantial merit to Clark's position, even though Clark ultimately lost in the supreme court. According to the trial court, Clark's position had substantial merit because Clark prevailed in both the trial court and the court of appeals prior to the supreme court decision. Scottsdale Memorial seems to argue that because it was ultimately successful in the supreme court, Clark's position was without merit. The supreme court, however, did not believe this to be the case, as reflected by its comment that it "must choose … among two plausible statutory interpretations," one urged by each party. *Scottsdale Memorial Health Systems v. Clark,* 157 Ariz. at 469, 759 P.2d at 615. The trial court's conclusion that there was substantial merit to both parties' claims is thus supported by the record and the history of this case.

■ Scottsdale Memorial focuses on the trial court's statement that Clark was successful in two out of three courts, which, according to Scottsdale Memorial, should be a reason to ameliorate its burden rather than deny its fee application. A reading of the judge's explanation as a whole shows

that he merely made reference to two courts deciding in Clark's favor to demonstrate that Clark's position was not without merit. Moreover, it is clear that the supreme court believed Clark's position had merit, as reflected by its thorough analysis and consideration of his position. The merits of the losing party's claim or defense is one of the factors a trial judge can consider in deciding whether or not to award attorney's fees. *See Associated Indemnity,* 143 Ariz. at 570, 694 P.2d at 1184.

The second reason set forth by the trial court was that the case presented novel questions of law because the courts had "difficulty in resolving a central issue, concerning the statute of limitations question." The supreme court apparently agreed; it expressly stated that it granted review because the issues presented were of first impression in Arizona. *Scottsdale Memorial,* 157 Ariz. at 463, 759 P.2d at 609.

■ Scottsdale Memorial contends that the legal question presented in the case at bar was not a novel one. To support this assertion, Scottsdale Memorial notes that, although Clark's position was based on only two old cases, *see Kurz v. Pappas,* 107 Fla. 861, 146 So. 100 (1932), and *Gaines v. Childers,* 38 Or. 200, 63 P. 487 (1901), the position urged by Scottsdale Memorial was ultimately adopted by the supreme court and is well supported by many more recent cases. *See, e.g., Seafirst Mortgage Corp. v. Specialty Concrete Constr.,* 708 P.2d 1245 (Wyo.1985); *Rogers Concrete, Inc. v. Jude Contractors,* 38 Colo.App. 26, 550 P.2d 892 (1976). We disagree with this contention and conclude that, without doubt, the supreme court decision resolved unanswered questions concerning Arizona law. The novelty of the legal question presented is also one of the factors to be considered by the trial court in deciding whether or not to award attorney's fees. *See Associated Indemnity,* 143 Ariz. at 570, 694 P.2d at 1184.

The final reason set forth by the trial court for denying attorney's fees was that the outcome of the case, which resulted in Clark being unpaid for work performed in

an amount in excess of $180,000, was harsh to Clark and represented "something of a windfall" to Scottsdale Memorial. According to the trial court, Scottsdale Memorial received the benefits of the work performed by Clark when it was awarded clear title to the property, which necessarily included the improvements, as a result of the supreme court decision. The trial court concluded that although it was unfamiliar with the financial condition of the parties, the circumstances of the case supported a finding that it would be "inequitable to not only declare a forfeiture of Defendant's [Clark's] lien but also to order Defendant to pay Plaintiff's attorney (sic) fees."

 One of the factors a trial judge can consider is whether assessing attorney's fees against the unsuccessful party would cause an extreme hardship. *See id.* at 570, 694 P.2d at 1184. The trial court's conclusion that it was inequitable to assess attorney's fees in excess of $188,000 against the party who, because of its failure to comply with a statutory provision which, until the supreme court decision, was unclear in its application, is within its discretion. Clark prevailed in the original lawsuit against the former owner of the property and obtained a judgment in excess of $180,000 for work performed for the partnership's benefit. The judgment was overturned, however, primarily because of the statute of limitations question, rather than on the merits. Under these circumstances, it was not unreasonable to conclude that imposing in excess of $188,000 of attorney's fees against Clark, on top of its inability to enforce its lien, would impose a substantial hardship. Even if the record is insufficient to support the presumed hardship to Clark—or insufficient to support the judge's presumption that Scottsdale Memorial got a windfall when it acquired property to which Clark had added value, this is not enough from which to conclude that the trial judge abused his discretion.

Scottsdale Memorial argues that several of the factors listed by the court in *Associated Indemnity* would support an award of attorney's fees. For example, it points

out that this lengthy litigation could have been avoided had Clark simply tendered a quitclaim deed to the property upon Scottsdale Memorial's request prior to this lawsuit. Undoubtedly, if Clark had quitclaimed the property, this litigation would have been avoided. At the time of Scottsdale Memorial's tender, however, Clark had a foreclosure judgment against the former property owner, the partnership, in excess of $180,000. Without the benefit of the ultimate supreme court decision in this case, it was not unreasonable to believe its foreclosure judgment was enforceable against the partnership's successor in interest, Scottsdale Memorial.

Scottsdale Memorial points out several other reasons which would justify an award of attorney's fees, including the fact that it raised the statute of limitations question at the onset of the litigation, first in trial court, then by special action to the supreme court, and finally on appeal to the court of appeals and supreme court. That is one factor out of many to be considered, and we simply cannot say, upon the facts and procedural history of this case, that the trial court abused its discretion in denying the application. As the supreme court stated in *Associated Indemnity:*

> [T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.

*Id.* at 571, 694 P.2d at 1185 (quoting *Davis v. Davis,* 78 Ariz. 174, 179, 277 P.2d 261, 265 (1954) (Windes, J., specially concurring)). Likewise, in this case, we cannot say that the trial court, in denying attorney's fees, exceeded the bounds of reason. The trial judge set forth specific reasons for denying the attorney's fees application, most of which were strongly supported by the facts and procedural history of this case.

 Finally, Scottsdale Memorial argues that the trial judge who denied attorney's fees was not the same judge who had

presided over the original trial court proceedings, and that this, somehow, gives him less discretion. We disagree. While it would have been ideal to have the trial judge who handled the case also consider the issue of attorney's fees, it is obvious from the trial judge's denial that he reviewed the extensive record in this case, was familiar with its facts and procedural history, and made a well-reasoned decision. We simply will not substitute our discretion for that of the trial judge.

Both parties request attorney's fees on appeal, Scottsdale Memorial pursuant to A.R.S. section 12–1103 and Clark pursuant to Rule 11, Arizona Rules of Civil Appellate Procedure, 17B A.R.S., on the grounds that Scottsdale Memorial's arguments are "an affront to this court." Scottsdale Memorial did not prevail on appeal and is therefore not entitled to attorney's fees under section 12–1103. Although we affirm the trial court, under the circumstances of this case we do not agree with Clark's contention regarding the merits, or lack thereof, of Scottsdale Memorial's arguments. We therefore deny Clark's request for attorney's fees as well.

Affirmed.

CLABORNE, P.J., and EHRLICH, J., concur.