NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GORDON K. COOPER, an individual, *Plaintiff/Appellee*,

*v.*

JOHN MOTTA, an individual, *Defendant/Appellant*.

No. 1 CA-CV 13-0392
FILED 06-05-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2012-011660
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

---

COUNSEL

John Motta, Glendale
*Defendant/Appellant in Propria Persona*

Gust Rosenfeld, P.L.C., Phoenix
By Scott A. Malm, Calvin J. Platten
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

¶1        John Motta challenges the summary judgment in favor of Gordon K. Cooper, which quieted title and released two lis pendens on property now owned by Cooper.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2        Motta purchased real property in Glendale (the "Property") with a loan from Flagstar Bank in June 2008.  The loan was secured by a deed of trust.  Motta failed to make mortgage payments, and a trustee's sale was held on April 1, 2011.  Following the sale, Federal Home Loan Mortgage received a Trustee's Deed Upon Sale on April 15, 2011.  A special warranty deed was subsequently issued to Cooper and recorded on December 7, 2011.

¶3        Motta filed a lawsuit in April 2012 against Flagstar Bank in Maricopa County Superior Court Cause No. CV2012-052407 to set aside the trustee's sale and to invalidate the resulting "fraudulent title transfer." He filed his first lis pendens against the Property on May 9, 2012.  He filed a second lis pendens on June 14, 2012, purportedly to waive his claim against the Property to the extent of permitting Cooper to refinance his loan on the Property.

¶4        Cooper asked Motta to remove the lis pendens and execute a quit claim deed for the Property on July 12, 2012.  Motta refused two days later, and Cooper filed this quiet title action on August 14, 2012.

---

[1] The facts are taken from Plaintiff's Statement of Facts in Support of His Motion for Summary Judgment.  In responding to Cooper's statement of facts, Motta asserted that Cooper omitted important information, but did not dispute the factual statements made by Cooper.

**¶5**          Cooper filed a motion for summary judgment, arguing that Motta had waived any pre-sale objections because Motta failed to challenge the trustee's sale prior to the sale.  Cooper also asserted that he acquired title to the Property free and clear of any interest Motta may have had in the Property.  And, to support his motion, Cooper attached the affidavit of Matthew H. Mason, the Trustee, who avowed that Motta was provided notice of the sale pursuant to statute.

**¶6**          Motta opposed the motion.  He, however, did not challenge Cooper's legal argument, but instead claimed that Cooper was defending Flagstar Bank, that Cooper had no authority to defend the bank, and that Cooper's remedy was against the Federal Home Loan Mortgage Corporation.  After oral argument, the court granted Cooper's motion for summary judgment and stated:

> Based on the undisputed facts, the Court finds that Cooper is a bona fide purchaser for value without notice.  Cooper bought the property almost six months before the lawsuit against the lender and the first lis pendens were filed.  Motta did not allege that Cooper had any knowledge of Motta's dispute with his lender when Cooper bought the house.  Cooper was an innocent buyer of the home, and his interest in retaining title cannot be undermined by Motta's dispute with the lender.  Whether the lender is liable for damages is an issue for decision in CV2012-052407, but there is no avenue for Motta to obtain title from Cooper.  For that reason, Motta's two lis pendens are improper and must be removed.

The court denied Motta's request for relief from judgment and entered judgment quieting title to the Property in Cooper.  The court also awarded Cooper $13,170.40 in attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 12-1103(B).[2]  This appeal followed.

---

[2] We cite the current version of the applicable statutes where no revisions material to this decision have since occurred.

## DISCUSSION

¶7        Summary judgment may be granted when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  In reviewing a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law.  *Eller Media Co. v. City of Tucson*, 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App. 2000).

¶8        Motta argues that he properly filed the lis pendens to give notice that he was pursuing an action that affected title to the Property in Cause No. CV2012-052407.  *See* A.R.S. § 12-1191.[3]  Contending that one of his claims against Flagstar Bank is a violation of the Uniform Fraudulent Transfer Act, A.R.S. §§ 44-1001 to -1010, Motta argues that the court in that action can rescind the transfer of the Property to Cooper, which supports his filing of the lis pendens.  The Property, however, was transferred away from Motta pursuant to a deed of trust and trustee's sale.  Consequently, we only look to the statutes governing trust deeds and sales to resolve the validity of the lis pendens filings.[4]

¶9        A trustee's deed conveys to the purchaser all interest in the subject property.  Section 33-811(E) states:

> The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and all persons claiming the trust property sold by or through them, including all interest or claim in the trust property acquired subsequent to the recording of the deed of trust and prior to delivery of the trustee's deed.  That conveyance shall be absolute without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust and

---

[3] Section 12-1191(A) provides: "In an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter . . . may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action."

[4] We express no opinion about Motta's claim against the bank.

> shall be subject to all liens, claims or interests
> that have a priority senior to the deed of trust.

The deed, as a result, raises a presumption that all statutory requirements have been met to exercise the power of sale and conduct the sale. *Id.* § 33-811(B). Moreover, the deed constitutes conclusive evidence of compliance with those requirements with respect to purchasers for value without actual notice. *Id.* Generally, anyone having an objection or a defense to the trustee's sale must seek and obtain injunctive relief prior to the sale. *Id.* § 33-811(C); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶¶ 10-11, 275 P.3d 598, 600 (2012). The trustor and all to whom a notice of sale has been sent pursuant to § 33-809 waives any objections and defenses not raised in an action resulting in a pre-sale injunction. A.R.S. § 33-811(C).

¶10 In his response to the summary judgment motion, Motta did not dispute the avowal by the trustee Mason that Motta was given notice of the trustee's sale pursuant to § 33-809(B) and (C).[5] Motta did not seek or obtain an injunction prior to the sale and, as a result, has waived any pre-sale objection. *Id.* § 33-811(C). The Property was sold at a trustee's sale, and a trustee's deed was issued to the Federal Home Loan Mortgage Corporation; thus transferring all of Motta's interest in the Property to the purchaser.

¶11 Cooper acquired the Property from the Federal Home Loan Mortgage Corporation several months before Motta filed his lawsuit against Flagstar Bank objecting to the trustee's sale. Motta did not produce any evidence that Cooper had any notice of any impropriety in

---

[5] In his Second Amended Motion for Relief from Judgment—Rule 60, Motta disputed that he was given notice and other facts asserted by Cooper. He did not however submit an affidavit refuting the facts asserted in Mason's affidavit. "In the absence of controverting affidavits, facts alleged by affidavits attached to a motion for summary judgment may be considered true." *Portonova v. Wilkinson*, 128 Ariz. 501, 502, 627 P.2d 232, 233 (1981). Further, in reviewing a decision on a motion for summary judgment, we consider only that evidence before the trial court when it addressed the motion. *Cella Barr Assocs., Inc. v. Cohen*, 177 Ariz. 480, 487 n.1, 868 P.2d 1063, 1070 n.1 (App. 1994); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990). Motta's denial that he received statutory notice was not before the court when ruling on the summary judgment motion.

the conduct of the trustee's sale. Motta did not produce any evidence that Cooper was aware of any dispute Motta had with Flagstar Bank before Cooper purchased the Property. Because the deed is conclusive evidence of the propriety of the sale and the deed extinguished any interest Motta had in the Property, Cooper acquired the Property free and clear. *See id.* § 33-811(B).

**¶12**        Even if we assume that Motta might prevail in his action against Flagstar Bank, he cannot recover the Property. The transfer of the Property by trustee's sale is not voidable because the Property was sold to enforce the security interest protecting the loan. Consequently, the Property is not "affected" by Motta's suit against the bank, and the lis pendens were properly ordered removed.

**¶13**        Motta also argues that the court erred in awarding attorneys' fees to Cooper. The court has discretion to award attorneys' fees to a plaintiff in a quiet title action when the plaintiff asks the other party twenty days before filing a lawsuit to execute a quit claim deed and tenders five dollars for execution and delivery of the deed. *Id.* § 12-1103(B); *Scottsdale Mem'l Health Sys. Inc. v. Clark*, 164 Ariz. 211, 215, 791 P.2d 1094, 1098 (App. 1990).

**¶14**        In deciding whether to award fees pursuant to § 12-341.01, the court can consider the same factors outlined in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). *Scottsdale Mem'l Health Sys. Inc.,* 164 Ariz. at 215-16, 791 P.2d at 1098-99. The factors include: (1) the merit of the claim or defense of the unsuccessful party; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party achieved all the relief sought; (5) whether the legal question presented is novel; (6) whether the claim or defense had been adjudicated previously; and (7) whether an award would discourage other parties with tenable claims or defenses from litigating legitimate issues. *Warner,* 143 Ariz. at 570, 694 P.2d at 1184. We will not disturb a trial court's discretionary award of attorneys' fees if a reasonable basis supports the decision. *Rudinsky v. Harris*, 231 Ariz. 95, 101, ¶ 27, 290 P.3d 1218, 1224 (App. 2012).

**¶15**        Motta does not dispute that Cooper complied with the statutory requirement to be eligible for an award of fees under § 12-1103(B). He argues, however, that the court abused its discretion in awarding the fees because: (1) the litigation could have been avoided or settled if Cooper had accepted Motta's offer of assistance and his offer for

6

Cooper to join his litigation against Flagstar Bank; (2) the fees would "clearly" cause a hardship on him; and (3) Cooper should not have prevailed.

**¶16** Motta's argument that the matter could have been settled if Cooper had joined in Motta's litigation against Flagstar Bank is unpersuasive. There is nothing in this record to suggest that Cooper has any relationship with Flagstar Bank. And, to suggest that Cooper should have voluntarily joined Motta's litigation instead of pursuing this action is unreasonable. Cooper sought to resolve the matter without litigation by asking Motta to release the lis pendens and to execute a quit claim deed for the Property. Motta refused, which required Cooper to pursue this action to obtain relief.

**¶17** Although Motta claims hardship, he did not produce any evidence of hardship to the trial court. A party claiming financial hardship must produce prima facie evidence in support of that claim. *Id.* at 102, ¶ 32, 290 P.3d at 1225. Because Motta did not first assert the issue to the trial court, he has waived the issue on appeal. *See Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137, ¶ 17, 978 P.2d 110, 114 (App. 1998) (noting that this court does not consider arguments raised for the first time on appeal). Consequently, the award of attorneys' fees to Cooper was not an abuse of discretion.

**¶18** Cooper also requests an award of attorneys' fees on appeal pursuant to § 12-1103(B). In the exercise of our discretion, *Lewis v. Pleasant Country, Ltd.*, 173 Ariz. 186, 195, 840 P.2d 1051, 1060 (App. 1992), we grant Cooper's request for reasonable attorneys' fees on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶19** The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh