IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

GREGORY COOK,
*Plaintiff/Counter-Defendant/Appellant,*

*v.*

CYNTHIA GREBE, et al.,
*Defendants/Counter-Claimants/Appellees.*

No. 1 CA-CV 17-0211
FILED 9-11-2018

---

Appeal from the Superior Court in Maricopa County
No. CV 2015-002890
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

---

COUNSEL

The East Valley Law Firm, Chandler
By Daryl R. Wilson
*Counsel for Plaintiff/Counter-Defendant/Appellant*

MacQueen & Gottlieb, PLC, Phoenix
By Benjamin L. Gottlieb, Patrick R. MacQueen
*Counsel for Defendants/Counter-Claimants/Appellees*

---

## OPINION

Presiding Judge Michael J. Brown delivered the opinion of the Court, in which Judge Maria Elena Cruz and Judge Maurice Portley[1] joined.

---

**B R O W N**, Judge:

**¶1**        The issue we address is whether a party who prevails on quiet title claims but loses on other claims or defenses is nonetheless eligible to recover attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 12-1103(B). For the following reasons, we conclude that the statute's prevailing-party determination is controlled by whomever prevails on the quiet title claims, and that non-quiet title claims are relevant only for purposes of deciding whether, in the court's discretion, attorneys' fees should be awarded and in what amount.

### BACKGROUND

**¶2**        Gregory Cook and Cynthia Grebe are neighboring property owners.[2] Cook filed a complaint in superior court alleging he adversely possessed Grebe's property by using and maintaining it for more than 15 years. Cook also alleged that Grebe's failure to maintain and secure the property created a private nuisance. Grebe filed counterclaims alleging quiet title, conversion, unjust enrichment, and trespass. After considering competing motions for summary judgment, the superior court granted partial summary judgment in favor of Cook on Grebe's conversion counterclaim.

**¶3**        Near the end of the jury trial on the remaining claims, the superior court struck Grebe's unjust enrichment claim. The jury found in Grebe's favor on her quiet title counterclaim and Cook's adverse possession claim, and in Cook's favor on his private nuisance claim and Grebe's

---

[1]        The Honorable Maurice Portley, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]        Grebe's husband, John Meadows, is also a party to the litigation, but the property is titled only in Grebe's name. For ease of reference, and because this opinion centers on the quiet title claims, we refer only to Grebe.

trespass counterclaim. The court then determined that Grebe was "the prevailing party for purposes of the adverse possession and quiet title claims" and stated she could file an application for attorneys' fees.

¶4 Grebe requested attorneys' fees in the amount of $82,726.75, which Cook opposed, asserting Grebe was not entitled to recover fees for claims on which she did not prevail. In its ruling, the court explained that Grebe was "deemed the prevailing party in this matter for purposes of A.R.S. § 12-1103" and entered a fee award of $50,000. This timely appeal followed.

## DISCUSSION

¶5 Generally, a court may award attorneys' fees only when authorized by statute or by agreement of the parties. *Taylor v. S. Pac. Transp. Co.*, 130 Ariz. 516, 523 (1981) (citation omitted). As provided in A.R.S. § 12-1103(B), a party prevailing in a quiet title action may recover attorneys' fees if, 20 days before bringing the action, he or she tendered five dollars with a request that the other party execute a quit claim deed, and the other party did not comply. *See Lange v. Lotzer*, 151 Ariz. 260, 262 (App. 1986) ("The Arizona Legislature has expressly determined that only a prevailing party who follows certain prerequisites may recover attorney's fees in quiet title actions."). Although § 12-1103(B) only refers to a "plaintiff," a defendant who successfully asserts a quiet title counterclaim may seek attorneys' fees. *See Long v. Clark*, 226 Ariz. 95-96, ¶¶ 1, 2 (App. 2010) (reversing a fee award to defendants in a quiet title action because, although they successfully defended, they did not file a counterclaim). It is undisputed that Cook and Grebe each complied with § 12-1103(B)'s prerequisites for recovering attorneys' fees.

### A. Prevailing-Party Determination

¶6 We review the superior court's determination of who is the prevailing party, for purposes of awarding attorneys' fees, for an abuse of discretion. *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994). We review the interpretation of a statute de novo, and when doing so, our goal "is to effectuate the text if it is clear and unambiguous." *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018). A statute's words should be read in context to determine their meaning. *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017). We construe related statutes together and strive to give effect to each provision involved. *Id.*

¶7 Cook argues the superior court erred in finding Grebe was the prevailing party because, when considering the totality of the litigation, he

prevailed on a greater number of claims than she did. He contends the litigation was, at best, a draw. But Cook's position fails to acknowledge the legislature's word choices in describing the circumstances in which a party may recover attorneys' fees in litigation involving quiet title disputes. *See* A.R.S. § 12-1103(B) (explaining the prerequisites for recovery of attorneys' fees in an "*action to quiet title to real property*") (emphasis added). The word "action," by itself, has a broad meaning that may encompass any court matter or proceeding. *See* A.R.S. § 1-215(1) ("'Action' includes any matter or proceeding in a court, civil or criminal."). However, § 12-1103(B) refers to an "action to quiet title to real property," indicating it is limited to that specific kind of proceeding. *See Action to Quiet Title,* Black's Law Dictionary (10th ed. 2014) ("[A] proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it.").

**¶8**        Section 12-1101(A) supports this conclusion because it limits a quiet title action to parties who wish to assert their interest in a property's title against those with an adverse interest in the title, thereby resolving or quieting the competing interests. Therefore, under § 12-1103(B), the determination of who is the prevailing party for purposes of awarding attorneys' fees turns on whether a party successfully quieted title, regardless of whether claims that do not involve quieting title are included in the same lawsuit. *See McCleary v. Tripodi*, 243 Ariz. 197, 202, ¶ 26 (App. 2017) (explaining that "[a] party successfully quieting title may recover attorney fees if" he or she complies with the requirements of A.R.S. § 12-1103(B)).

**¶9**        It is undisputed that the jury found in Grebe's favor on the competing quiet title claims. Accordingly, the superior court did not abuse its discretion in finding she was the prevailing party with regard to the attorneys' fee provision of § 12-1103(B). Contrary to Cook's assertion, the court had no reason to look further than the quiet title and adverse possession claims because they are the only claims in this lawsuit that involved quieting title to the property. Cook's private nuisance claim and Grebe's conversion, unjust enrichment, and trespass counterclaims are not claims affecting title; they are relevant only in determining whether the court should award attorneys' fees to the prevailing party, and if so, in what amount. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 164 Ariz. 211, 215 (App. 1990) (explaining that a court may consider the same factors that are considered in a contract action under A.R.S. § 12-341.01, as set forth in *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985), when determining whether to award attorneys' fees in a quiet title action under § 12-1103(B)); *Chantler v. Wood*, 6 Ariz. App. 134, 139 (1967) (noting that

§ 12-1103(B) entitled plaintiffs "to reasonable attorney's fees for the time spent on the quiet title feature of the case").[3]

## B. Reasonableness of Fee Award

**¶10** Cook does not argue the superior court abused its discretion in deciding, after making the prevailing party determination, that it would award reasonable attorneys' fees to Grebe. *See Scottsdale Mem'l,* 164 Ariz. at 215-16. Instead, Cook contends that Grebe's fee application failed to differentiate between her successful and unsuccessful claims, and therefore, the application for attorneys' fees should have been rejected under *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (App. 1983). He also argues the court's approximate 40% reduction in attorneys' fees was arbitrary and unsupportable because he prevailed on most of the claims, the fee application did not provide any evidence to support the $50,000 amount, and "[n]either party argued for a 40% reduction."

**¶11** We review the reasonableness of a fee award for an abuse of discretion. *See Kay v. Biggs*, 13 Ariz. App. 172, 177 (1970). As in other contexts, "an attorney's affidavit supporting a fee application," at a minimum, "should include 'the type of legal services provided, the date the service was provided, the attorney providing the service . . . and the time spent in providing the service.'" *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490, ¶ 37 (App. 2007) (quoting *China Doll,* 138 Ariz. at 188). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Id.* at 490-91, ¶ 38. To successfully challenge the application for attorneys' fees, the opposing party must do so with specificity. *Id.* at 491, ¶ 38.

**¶12** In the superior court, Grebe's attorneys' fees application and affidavit met the *China Doll* requirements, yet in response, Cook made only cursory arguments concerning the requested fee amounts without any

---

3 Both parties cite cases involving awards of attorneys' fees made pursuant to contractual provisions or A.R.S. § 12-341.01(A), arguing they prevailed under the tests employed in those contexts (e.g., based on "percentage of success" and "totality of the litigation"). But such cases are not helpful for determining which party prevailed under A.R.S. § 12-1103(B) because its language, applicable only to "action[s] to quiet title," is much more restrictive than A.R.S. § 12-341.01(A), which authorizes fee awards in "any action arising out of a contract."

discussion on which amounts were unreasonable. His broad assertions are insufficient to challenge the specifics of Grebe's fee application. *See In re Indenture of Tr. Dated Jan. 13, 1964*, 235 Ariz. 40, 52-53, ¶ 47 (App. 2014) ("A party challenging the amount of fees requested must provide specific references to the record and specify which amount or items are excessive.").

**¶13** Cook's appellate arguments also lack specificity. He does not point to any evidence suggesting the amount awarded was unreasonable, such as specific fee entries in the attorneys' fee affidavit or citations to trial transcripts (which he failed to provide) showing the amount of trial time spent on each aspect of the case. *See A. Miner Contracting, Inc. v. Toho-Tolani Cty. Imp. Dist.*, 233 Ariz. 249, 262, ¶ 43 (App. 2013) (finding the superior court did not abuse its discretion in failing to reduce the attorneys' fee award further because the appellant did not "identify with any particularity what evidence supports a further reduction in fees beyond the reduction already granted by the trial court"); *Jones v. Burk*, 164 Ariz. 595, 597-98 (App. 1990) (declining to disturb attorneys' fees award under A.R.S. § 12-1103(B) because both parties "fail[ed] to point to evidence suggesting an abuse of discretion").

**¶14** The superior court reduced Grebe's requested attorneys' fees by about 40%. On this record, Cook has not shown the court abused its discretion in failing to further reduce the fees Grebe requested. *See China Doll*, 138 Ariz. at 189 (explaining that when a party has achieved only partial success, "it would be unreasonable to award [fees] for all hours expended" and agreeing with the statement in *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), that there is "no precise rule or formula for making these determinations").

**¶15** In sum, Cook has pointed to nothing in the record indicating the superior court erred in determining the prevailing party, deciding whether that party should be awarded fees, and assessing the reasonableness of the amount of the fee request. Cook has not overcome the presumption that the court knew and followed the law. *See Maher v. Urman*, 211 Ariz. 543, 548, ¶ 13 (App. 2005) (quoting *State v. Ramirez*, 178 Ariz. 116, 128 (1994)). Thus, the court did not abuse its discretion.

## CONCLUSION

¶**16**      We affirm the superior court's attorneys' fee award. As the prevailing party on appeal, we award taxable costs to Grebe; we also grant Grebe's request for reasonable attorneys' fees incurred on appeal under A.R.S. § 12-1103(B), subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA