NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GEORGE H. YARD and  SHARON ANN YARD,
as Trustees of The Yard Family Revocable Trust
dated December 15, 2000,
*Plaintiffs/Counter-Defendants/Appellees*,

*v.*

SILKIE PERKINS,
*Defendant/Counter-Claimant/Appellant.*

No. 1 CA-CV 18-0367
FILED 6-6-2019

---

Appeal from the Superior Court in Yavapai County
No.  V1300CV201580202
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Hunter, Humphrey & Yavitz, PLC, Phoenix
By Isabel M. Humphrey, Randall S. Yavitz
*Counsel for Plaintiffs/Counter-Defendants/Appellees*

Silkie Perkins, Clarkdale
*Defendant/Counter-Claimant/Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kent E. Cattani joined.

---

J O H N S E N, Judge:

¶1          In an earlier appeal in this quiet-title case, we vacated a attorney's fee award in favor of George and Sharon Yard, as trustees, and remanded to the superior court to determine how much in fees, if any, should be awarded to the prevailing party, Silkie Perkins. Perkins now appeals the superior court's order on remand declining to award her any attorney's fees. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Perkins and the Yards own adjacent properties in Yavapai County. A fence divides the properties, but it does not follow the property line and roughly three-quarters of an acre of Perkins's property lies on the Yards' side of the fence. For many years, the Yards could get to their property only by using a dirt road that crossed Perkins's property.

¶3          In May 2015, the Yards sent Perkins a letter asserting claims for adverse possession and prescriptive easement. The Yards enclosed $15 and three quit claim deeds and demanded that Perkins sign and return the deeds. Perkins refused, and, in June 2015, the Yards filed a quiet-title complaint in superior court that requested attorney's fees under Arizona Revised Statutes ("A.R.S.") section 12-1103(B) (2019).[1] Perkins answered the complaint, and then, like the Yards, sent them $15 and three quit claim deeds disclaiming the Yards' interest in the disputed properties. After the Yards refused to return Perkins's deeds, Perkins filed a counterclaim in November 2015 to quiet title in her favor. She also requested attorney's fees under § 12-1103(B).

¶4          By May 2016, the Yards had built an access road on their own property so that they no longer needed to cross Perkins's property to get to theirs. They also recorded quit claim deeds to the disputed property and

---

[1]          Absent material revision after the relevant date, we cite the current version of a statute or rule.

moved to dismiss their complaint.  In response, Perkins sought summary judgment on her counterclaim and asked the court to grant her attorney's fees.  Ultimately, the superior court dismissed the Yards' complaint with prejudice and ruled Perkins's counterclaim moot.  The court then awarded attorney's fees to the Yards under § 12-1103(B).

**¶5**        After Perkins appealed, this court affirmed the dismissal of her counterclaim but vacated the attorney's fees award, holding that only Perkins had prevailed and was eligible for attorney's fees under § 12-1103(B). We then remanded to the superior court solely for it to decide what amount of attorney's fees, if any, to award Perkins under § 12-1103(B).

**¶6**        On remand, the court declined to award any fees to Perkins. Perkins timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

**¶7**        A party prevailing in a quiet-title action may recover attorney's fees if, at least 20 days before bringing the action, he or she tendered five dollars with a request that the other party execute a quit claim deed, and the other party did not comply.  A.R.S. § 12-1103(B); *see Cook v. Grebe*, 245 Ariz. 367, 369, ¶ 5 (App. 2018).  But a fees award under the statute is not mandatory; even when the requirements of the statute are satisfied, the court may decline to award fees.  *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 164 Ariz. 211, 215 (App. 1990).  In deciding whether to award fees under § 12-1103(B), the superior court "may consider the same factors that are considered in determining whether to award attorney's fees pursuant to A.R.S. section 12-341.01."  *Id.  See Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 570, ¶ 15 (App. 2007) ("no single factor requires or prohibits an award of fees"); *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 261, ¶ 27 (App. 1998) (superior court has "broad discretion" in determining whether to award attorney's fees).  We review a ruling denying attorney's fees for an abuse of that discretion, and "if there is any reasonable basis for the [court's ruling], its judgment will not be disturbed."  *BBP Concrete*, 214 Ariz. at 569, ¶ 9; *see Cook*, 245 Ariz. at 370, ¶ 11.

**¶8**        In denying Perkins's request for attorney's fees, the superior court made the following findings:

    1.  Perkins is the prevailing party in this case.
    2.  The Yards did not waive the issue of defective deeds.
    3.  Both parties held meritorious legal positions.

4. Both parties attempted to avoid litigation by first complying with A.R.S. § 12-1103(B).

5. Both parties concede that when a party complies with the statutory provisions, it nevertheless remains within the trial court's discretion to determine whether to award attorney's fees to the prevailing party.

6. The claims of both parties were not fully and finally litigated because the Yards elected to build a new road thereby quieting title in favor of Perkins in a unique but costly manner.[2]

¶9 In addition, the court characterized the litigation as "intense" and noted that "attempts to settle were unsuccessful." Ultimately, the court found, Perkins prevailed "due to the Yards' unilateral decision to dismiss their complaint" after they elected "to build [a] new road on their land."

¶10 Perkins argues the superior court abused its discretion because the Yards initiated the suit, which Perkins contends was without merit. Regardless of which party commenced the litigation, in deciding whether to grant fees, the superior court may consider, *inter alia*, whether the parties could have agreed to settle the case without involvement (or additional involvement) of the court. *Clark*, 164 Ariz. at 215-16 (citing *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985)). As we noted in our prior decision, the Yards' dismissal of their complaint, along with their execution of a quit claim deed in Perkins's favor, provided Perkins with the relief she sought. In light of the "intense" manner in which the case was litigated and the prior unsuccessful attempts to settle the case, we cannot say the court abused its discretion when it declined Perkins's request for attorney's fees, considering the Yards' unilateral efforts to resolve the dispute, which in the end provided Perkins with her requested relief. *Cook*, 245 Ariz. at 370, ¶ 11.

¶11 Perkins appears to contend we should revisit our prior decision affirming the superior court's dismissal of her counterclaim and also argues we should grant her all of her attorney's fees pursuant to A.R.S. § 12-349 (2019). We will not consider these arguments. Our prior decision disposing of the mootness issue is final. *See Sepo v. Case*, 25 Ariz. App. 176, 180-81 (1975). Moreover, we see nothing in the record meriting a fees award pursuant to § 12-349, even assuming Perkins had properly raised that issue in the superior court. *See City of Tempe v. Fleming*, 168 Ariz. 454, 456 (App.

---

[2] The superior court's second finding on remand resolved a dispute relating to the timeliness of the Yards' challenge to the deeds Perkins offered under § 12-1103(B).

1991) ("[A]rguments not made at the trial court cannot be asserted on appeal.").

## CONCLUSION

**¶12** For the reasons stated above, we affirm the superior court's order denying Perkins's request for attorney's fees.

